UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAWN BOWEN | ) |
| | ) |
| v. | ) Cause No. 3:08-CV-129 RM |
| | ) (arising out of 3:06-CR-9 RM) |
| UNITED STATES OF AMERICA | ) |

OPINION AND ORDER

Shawn Bowen was charged with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and two counts of aiding and abetting the making of false statements in connection with the purchase of two firearms in violation of 18 U.S.C. § 922(a)(6). Following a jury trial, Mr. Bowen was found guilty of felon in possession and one count of aiding and abetting the making of a false statement. The court sentenced Mr. Bowen to fifty-seven months' imprisonment

Mr. Bowen filed a notice of appeal, but his appointed counsel, H. Jay Stevens, informed the court of appeals that he couldn't see a nonfrivolous basis for the appeal and withdraw his representation. *See* Anders v. California, 386 U.S. 738 (1967). The court of appeals responded to the potential issues that Mr. Stevens identified and found that the record was sufficient to support the defendant's conviction of guilt on both counts. Mr. Bowen then filed this petition pursuant to 28 U.S.C. § 2255 raising several claims of ineffective assistance of counsel. For the following reasons, the court denies Mr. Bowen's petition.

BACKGROUND

Before trial, Mr. Bowen stipulated that he had previously been convicted of a felony and that the firearms referenced in the indictment had traveled in interstate commerce. Emily Schlemmer — who, unlike Mr. Bowen, had never been convicted of a felony — testified at trial that on October 11, 2004, upon Mr. Bowen's request, they went to Len's Gun Shop so she could buy him a gun. Ms. Schlemmer testified that Mr. Bowen talked to the owner and pointed out a gun as being the one they wanted. Ms. Schlemmer filled out the paperwork indicating that she was the actual buyer of the firearm. According to Ms. Schlemmer, Mr. Bowen paid cash for the gun and took the gun after they left the store.

Ms. Schlemmer further testified that she and Mr. Bowen visited Len's Gun Shop again on October 19, 2004 so she could buy another gun for Mr. Bowen. When they arrived, Mr. Bowen selected a .40-caliber handgun and Ms. Schlemmer completed the paperwork indicating that she was the actual buyer. She testified that this time, Mr. Bowen paid for the gun using a credit card belonging to his father, Dennis Brown. Similar to the first transaction, she stated that Mr. Bowen took the gun and she never saw it again.

Several months after these transactions, one of the guns that Ms. Schlemmer had purchased was recovered in connection with an unrelated crime and during investigation, Ms. Schlemmer admitted to federal agents that she purchased guns for Mr. Bowen.

At trial, the government also presented evidence from Julie Smith, an employee for the company that insured Mr. Bowen's vehicle. She testified that on October 19, 2004, about an hour before the gun purchase, Mr. Bowen paid the insurance on his truck over the telephone using a credit card. Dennis Anderson, another government witness, testified that he works for Citigroup bank and verified that the credit card used to purchase the gun on October 19, 2004 also had been used an hour before to purchase car insurance. The card had never been reported stolen and no transactions on the card had been challenged.

Len Grummell, owner of Len's Gun Shop, testified for the defense. Mr. Grummell sold both guns to Ms. Schlemmer and stated that she came into the store with a man on October 11, 2004, but the description he provided didn't match Mr. Bowen. He recalled that Ms. Schlemmer was actively involved in picking out the gun. He further testified that on October 19, 2004, Ms. Schlemmer came into the store alone, but he couldn't explain how she could have bought a gun with Dennis Bowen's credit card.

Shawn Bowen's father, Dennis Bowen, and his brother, Jason Bowen, were also defense witnesses. Dennis Bowen testified that he gave Shawn permission to use his credit card to pay his car insurance and was present when Shawn called in the payment. Dennis Bowen then left the credit card in his wallet, which was in his pants pocket hanging in the bathroom. Dennis Bowen testified that Ms. Schlemmer might have been in the house that day. He saw the gun purchase on his credit statement, which he said was unauthorized, but he didn't challenge the

charge. Jason Bowen testified that around the time of the transactions, Ms. Schlemmer told him that she had "gotten a couple" guns.

The defense didn't move for judgment of acquittal at the close of evidence. The jury found Mr. Bowen guilty of possessing a firearm and aiding and abetting the making of a false statement during the October 19, 2004 transaction, but acquitted him of the October 11, 2004 transaction.

Mr. Bowen claims his counsel was ineffective for the following: not moving to suppress Ms. Schlemmer's statement for lack of reliability and trustworthiness; not challenging the indictment for insufficient evidence; not moving for acquittal both pretrial and during trial; not sufficiently impeaching Ms. Schlemmer at trial; and not properly investigating Mr. Bowen's case file. Mr. Bowen also alleges in his reply that his counsel was ineffective for not objecting to leading questions by the prosecution, not raising certain facts and arguments at trial, and not proposing a jury instruction on the definition of "possession."

ANALYSIS

An "ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not [he] could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). To establish a claim of ineffective assistance of counsel, Mr. Bowen must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense rendering the proceeding fundamentally unfair and the result unreliable.

*See* Jones v. Page, 76 F.3d 831, 840 (7th Cir. 1996) (*citing* Strickland v. Washington, 466 U.S. 668, 687 (1984)). The court must deny an ineffective claim if the petitioner makes an insufficient showing on either prong. Id. at 697.

To establish deficient performance, Mr. Bowen "must establish specific acts or omissions of his counsel that constitute ineffective assistance." *See* Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). The court then decides whether his counsel's acts or omissions "fell below an objective standard of reasonableness" and "outside the wide range of professionally competent assistance." *See* Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993) (*citing* Strickland v. Washington, 466 U.S. at 690). In making this determination, the court considers "the reasonableness of counsel's conduct in the context of the case as a whole, viewed at the time of the conduct . . ." United States v. Lindsay, 157 F.3d 532, 534-535 (7th Cir. 1998). Scrutiny of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See* Coleman v. United States, 318 F.3d 754, 758 (7th Cir. 2003).

To establish prejudice, Mr. Bowen must do more than show that "the errors had some conceivable effect on the outcome of the proceeding." Strickland v. Washington, 466 U.S. at 693. He must show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.'" Eckstein v. Kingston, 460 F.3d 844, 848

5

(7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. at 694). Stated differently, Mr. Bowen must establish that "effective assistance would have given him a reasonable shot at acquittal." Gibbs v. VanNatta, 329 F.3d 582, 584 (7th Cir. 2003); *see also* Andrashko v. Borgen, 88 Fed. Appx. 925, 929 (7th Cir. 2004) (unpublished) (petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance).

The court begins with Mr. Bowen's claim that his counsel should have filed a motion to suppress Ms. Schlemmer's statement for lack of reliability and credibility both before and during trial. Ms. Schlemmer voluntarily agreed to talk to ATF Task Force Agent Brian Schroth and wasn't in custody during the interview. *See* United States v. Barker, 467 F.3d 625, 628 (7th Cir. 2006) ("The suspect must be both in custody and subjected to interrogation before the *Miranda* warning[s] are required to be administered.") (quotations and citations omitted). A witness's lack of trustworthiness doesn't provide a basis to suppress her statement, but rather, is an appropriate issue for cross examination. Mr. Bowen doesn't present sufficient facts contending that Ms. Schlemmer's statement was subject to constitutional attack. Further, it was Ms. Schlemmer's trial testimony — not the statement itself — that constituted the primary evidence against Mr. Bowen. *See* United States ex rel. Cunningham v. DeRobertis, 719 F.2d 892, 896 (7th Cir. 1983) ("While the [allegedly improper] confession may have aided in the investigation of the crime, this use presents no basis for relief via a habeas petition if there was nothing improper about the trial itself."); *see also*

Escamilla v. Jungwirth, 426 F.3d 868, 869-870 (7th Cir. 2005) ("[T]here would have been little point in excluding a statement that was all but identical to the defendant's trial testimony."). Ms. Schlemmer's testimony at trial was in line with her prior statement, so Mr. Bowen didn't suffer prejudice as a result of Mr. Stevens' alleged deficient performance.

Mr. Bowen claims that his counsel also was deficient for not challenging the indictment on grounds that the evidence was insufficient to prove that Mr. Bowen committed the charge offenses. "An indictment returned by a legally constituted and unbiased grand jury …, if valid on its face, is enough to call for a trial on the merits." U.S. v. Greve, 490 F.3d 566, 571 (7th Cir. 2007) (*citing* Costello v. United States, 350 U.S. 359, 363 (1956)). A conviction can't be overturned by showing that the indictment is founded on "inadequate or incompetent evidence," United States v. Calandra, 414 U.S. 338, 345 (1974), or even "evidence procured in violation of the defendant's constitutional rights." United States v. Roth, 777 F.2d 1200, 1203 (7th Cir. 1985); *see also* U.S. v. Greve, 490 F.3d 566, 571 (7th Cir. 2007) ("The Court's reluctance to examine the quality or sufficiency of the evidence presented to a grand jury extends even to unconstitutionally obtained evidence."). Further, "the petit jury's verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendants with the offenses for which they were convicted." United States v. Mechanik, 475 U.S. 66, 67 (1986); *see also* United States v. Rosario, 234 F.3d 347, 352 (7th Cir. 2000) (conviction at trial "indicates a proper grand jury proceeding would have

7

still yielded an indictment."). Mr. Bowen wasn't prejudiced by the lack of a motion to dismiss the indictment for insufficient evidence because such a motion wouldn't have had any reasonable probability of success.

Mr. Bowen also contends that Mr. Stevens should have moved for a judgment of acquittal both before and during trial. A judgment of acquittal is granted "only if there is insufficient evidence to support a conviction." United States v. Rollins, 544 F.3d 820, 835 (7th Cir. 2008). Mr. Bowen's burden in showing that the evidence was insufficient to support a conviction is "nearly insurmountable." United States v. Moses, 513 F.3d 727, 733 (7th Cir. 2008). The court views the evidence in the light most favorable to the government and will overturn a conviction "only if the record contains no evidence, regardless of how it is weighed," from which the jury could have found the defendant was guilty. Id. "It is up to the jury to weigh the evidence and determine the credibility of the witnesses;" the court doesn't "second-guess the jury's assessment of the evidence." United States v. Graham, 315 F.3d 777, 781 (7th Cir. 2003).

A failure to file a motion for acquittal isn't prejudicial when the evidence against the defendant was sufficient to support a conviction. *See* U.S. v. Allen, 390 F.3d 944, 951 (7th Cir. 2004) (*citing* United States v. Draves, 103 F.3d 1328, 1336 (7th Cir.1997)); *see also* U.S. v. Syverson, 90 F.3d 227, 233 (7th Cir. 1996) (finding that because the evidence against defendant was sufficient to warrant his conviction, no prejudice could arise from trial counsel's failure to challenge the sufficiency of that evidence through a motion for acquittal).

The defense wouldn't have succeeded on motion for judgment of acquittal because the record contained sufficient evidence to support a conviction. Mr. Bowen stipulated that he is a felon and that both of the guns purchased from Len's Gun Shop had traveled in interstate commerce, so the only element at issue for the felon in possession charge was "knowing possession." *See* 18 U.S.C. § 922(g)(1); United States v. Alanis, 265 F.3d 576, 591 (7th Cir. 2001). To sustain a conviction for aiding and abetting the making of a false statement on the firearms transaction record, the government needed to prove that he knew Ms. Schlemmer was falsifying the form and committed an affirmative act to further her offense. *See* 18 U.S.C. § 922(a)(6) and § 2(a); United States v. Allen, 390 F.3d 944, 948, n. 1 (7th Cir. 2004).

There was evidence that because Mr. Bowen couldn't legally purchase the guns, he stood by while Ms. Schlemmer falsely represented that she was the actual buyer. The government presented Ms. Schlemmer's testimony that Mr. Bowen urged her to buy the guns and took them from her as soon as they left the store. The government submitted the form — stating that Ms. Schlemmer was the actual buyer of the gun — into evidence. There was also evidence that Mr. Bowen paid for the October 19, 2004 transaction with his father's credit card. The government introduced the credit card receipt from that transaction and corroborating testimony that Mr. Bowen used the credit card on which the second gun was charged less than an hour earlier to purchase his car insurance.

The jury apparently found the credit card evidence convincing because it found Mr. Bowen guilty of the October 19 transaction, but not the October 11 transaction. A reasonable jury could conclude that there was sufficient evidence to find Mr. Bowen guilty of the charged offenses. Mr. Bowen wasn't prejudiced by his counsel's alleged deficiency in not filing a motion for judgment of acquittal.

Mr. Bowen also contends that Mr. Stevens was deficient because he didn't adequately impeach Ms. Schlemmer as to her "reliability" and "trustworthiness". During cross examination, Mr. Stevens asked Ms. Schlemmer questions about her guilty plea to making a straw purchase for Mr. Bowen, about her meetings with agents and her cooperation with the government, and her motivation and desire for a more lenient sentence. Mr. Stevens also questioned Ms. Schlemmer about her relationship with Mr. Bowen and their subsequent falling-out, her inconsistent testimony about which transaction a credit card had been used, and her inconsistency in grand jury testimony about the way in which she completed the forms for the gun purchases. Mr. Stevens also cross-examined Mr. Anderson about the specifics of the credit card transaction and Mr. Smith regarding the insurance and method of payment.

Mr. Stevens' cross examination of Ms. Schlemmer no doubt had the effect of weakening her credibility. Although Mr. Bowen contends that Mr. Stevens should have further impeached Ms. Schlemmer by addressing various other inconsistent and contradictory statements she made under oath, the record doesn't suggest that additional impeachment would have impacted the jury's

decision in this matter. Further, deciding what questions to ask a prosecution witness on cross-examination is a matter of strategy. *See* United States v. Hirschberg, 988 F.2d 1509, 1513 (7th Cir.1993). Considering the totality of the evidence against Mr. Bowen and the very able cross examination conducted by Mr. Stevens, the court cannot find that there is a reasonable probability that the result of the proceeding would have been different had Mr. Stevens cross-examined Ms. Schlemmer along the lines suggested by Mr. Bowen. *See* Lowery v. Anderson, 225 F.3d 833, 843-844 (7th Cir. 2000) (defendant not prejudiced by attorney's failure to impeach witness with additional evidence where witness's credibility already had been challenged and his testimony was corroborated by other witnesses), *rev'd on other grounds by* Corcoran v. Buss, 551 F.3d 703, 705 (7th Cir. 2008).

Mr. Bowen also makes general arguments that Mr. Stevens didn't investigate his case file, but such general allegations are insufficient to support habeas corpus relief. *See* Richardson v. United States, 379 F.3d 485, 488 (7th Cir. 2004) (denying § 2255 claim based upon failure to investigate where defendant provided no details, evidence, or allegations regarding that claim).

Mr. Bowen raises additional arguments in his reply brief, but he has waived these issues by not asserting them in his § 2255 petition. Although *pro se* litigants are entitled to some leeway in preparing and presenting their arguments, Mr. Bowen's *pro se* status doesn't exempt him from the long-standing prohibition on raising new claims in reply briefs. Wright v. U.S., 139 F.3d 551, 553 (7th Cir.

1998); *see also* Amerson v. Farrey, 492 F.3d 848, 852 (7th Cir. 2007). The court, however, briefly addresses each of Mr. Bowen's waived arguments.

Mr. Bowen argues that Mr. Stevens was ineffective because he didn't object when the prosecutor asked Ms. Schlemmer leading questions in an attempt to elicit inaccurate or perjured testimony. Even assuming that the prosecutor asked an occasional leading question, whether an attorney decides to object to such questions can be a reasonable strategic decision. *See* United States v. Pedigo, 12 F.3d 618, 623 (7th Cir.1993) ("Failing to object to leading questions may be a matter of trial tactics and strategy. Counsel may have wanted to avoid drawing attention to certain testimony, or may have wished to avoid irritating the jury."). Further, the record doesn't suggest that the prosecution's questions were meant for the purpose of eliciting inaccurate testimony. The trial record therefore furnishes no reason to second-guess Mr. Stevens' decisions in this regard and there is a lack of evidence that Mr. Bowen was prejudiced as a result of such decisions.[1]

Mr. Bowen makes several arguments about specific facts and questions that he believed his counsel should have raised. Mr. Bowen's arguments relate to Mr. Stevens' trial strategy and the record doesn't establish how Mr. Stevens' trial

---

[1]To the extent Mr. Bowen is alleging prosecutorial misconduct, he would have to show not only that the prosecutor's questions were improper, but that they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *See* Darden v. Wainwright, 477 U.S. 168, 181 (1986); *see also* United States v. Nunez, 532 F.3d 645, 655 (7th Cir. 2008). Although the questions asked to Ms. Schlemmer don't appear improper, even if they were, Mr. Bowen hasn't established that he suffered prejudice as a result of such alleged misconduct. *See* United States v. Glover, 479 F.3d 511, 521 (7th Cir. 2007).

12

strategy prejudiced Mr. Bowen such that the trial was fundamentally unfair and the result unreliable.

Finally, Mr. Bowen contends that Mr. Stevens was ineffective in not requesting that the jury be instructed on the definition of "possession" as defined by Black's Law Dictionary. The jury instruction for the definition of "possession" came from the Pattern Criminal Federal Jury Instructions for the Seventh Circuit. (*See* Inst. No. 9). The jury instruction given was proper; it would be an incorrect statement of law to define possession for purposes of the felon in possession statute according to the definition in Black's Law Dictionary. Mr. Stevens wasn't deficient in this regard.

CONCLUSION

Shawn Bowen's allegations and conclusory statements are insufficient to support a finding of ineffective assistance of counsel, and as such, no evidentiary hearing is required. *See* Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir. 1989). For the reasons stated above, the court DENIES Mr. Bowen's § 2255 petition (doc. # 51).

SO ORDERED.

ENTERED:  April 13, 2009

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Chief Judge
United States District Court

cc: S. Bowen